IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SAJID F. LESLIE, | * | |
| Petitioner, | * | |
| vs. | * | CV 115-130 |
| GLENN JOHNSON, Warden, | * | |
| Respondent. | * | |

O R D E R

Petitioner Sajid F. Leslie was convicted of malice murder and arson in the Superior Court of Richmond County, Georgia, in January 2000. Through no fault of his own, his appeal was not filed until February 8, 2012. The Supreme Court of Georgia affirmed his conviction on February 4, 2013, concluding, *inter alia*, that the evidence adduced at trial was sufficient to support the conviction. Leslie v. State, 738 S.E.2d 42, 45 (Ga. 2013).

Petitioner then filed a state habeas petition, wherein he again challenged the sufficiency of the evidence. After conducting an evidentiary hearing-a hearing that was continued twice on Petitioner's motion-the state habeas court denied relief on December 17, 2014. The Georgia Supreme Court denied

Petitioner's request for a certificate of probable cause to appeal on June 1, 2015.

Petitioner then filed the instant case under 28 U.S.C. § 2254 on August 20, 2015, again raising the ground that the evidence presented at trial was insufficient to establish Petitioner's guilt beyond a reasonable doubt. In his Report and Recommendation of November 14, 2016, the United States Magistrate Judge thoroughly and correctly explains the stringent and highly deferential standard of review of a state court's decision on the merits. That is, in order to grant relief on sufficiency of the evidence grounds, a court must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original) (<u>cited in</u> Report and Recommendation, Doc. 15, at 12). More particularly in the context of this habeas review, this Court must determine that the Georgia Supreme Court's application of <u>Jackson</u> was unreasonable. <u>See</u> 28 U.S.C. § 2254(d)(1). In the Report and Recommendation, the Magistrate Judge concludes that Petitioner's insistent, contrary interpretations of the trial evidence is "woefully inadequate to establish that the state court unreasonably applied <u>Jackson</u> . . . and has not shown the

state court was objectively unreasonable in its determination the evidence at trial was clearly sufficient for a jury to find guilt beyond a reasonable doubt." (Report and Recommendation, at 14-15.)

Petitioner filed objections to the Report and Recommendation on January 5, 2017, in which he introduces for the first time in the entirety of his case a discrepancy in the description of the carburetor examined by the state's witness. In his objections, Petitioner points out that while the state's expert, Larry Newell, testified at trial that he examined "a four-barrel Holley," the property receipt from the Georgia Bureau of Investigation ("GBI") describes Petitioner's carburetor as an "Edelbrock 4-Barrel Carburetor."[1,2] (Pet.'s Objections, Doc. 19, at 8.) "Edelbrock" and "Holley" are the names of two different manufacturers of carburetors.

---

[1] In his motion to expand the record filed on January 17, 2017, Petitioner explains that he had not been able to obtain a copy of discovery in the case until March 17, 2016, despite numerous requests to his trial counsel and appellate counsel. (See Doc. 22, at 9-10.) Petitioner further explains that he did not bring the GBI property receipt to the attention of this Court until he filed his objections-over nine months later-because the documents had been caught up in his deceased mother's estate and once he had them in his possession in jail, he was "hoping to present them at an evidentiary hearing." (Id. at 10-11.)

[2] Mr. Newell's testimony appears in the habeas record in the trial transcript, see Trial Tr., Doc. 8-11, at 493, while the property receipt appears as Exhibit B to Petitioner's motion to expand the record, Doc. 22.

3

According to Petitioner, this new evidence shows that the state's expert did not examine his actual carburetor, and therefore the expert's testimony that Petitioner's carburetor did not show signs of a recent backfire is irrelevant and prejudicial.[3] In short, Petitioner contends that the new evidence impeaches the expert's testimony.[4] Ultimately, upon a *de novo* review of Petitioner's objections with respect to Mr. Newell's testimony and the other grounds raised by Petitioner, this Court adopted the Report and Recommendation without further comment. (Order of Jan. 9, 2017, Doc. 20.) Upon entry of this Order, the Clerk of Court entered judgment in favor of Respondent and closed the case on January 9, 2017. (Id.)

On January 17, 2017, Petitioner filed a "Motion to Expand the Record" in which he seeks to include the GBI property receipt and a GBI investigative note reflecting the examination of Petitioner's vehicle. Petitioner also filed a

---

[3] The carburetor examination is relevant to Petitioner's claim that the skin discoloration on his face occurred when he was working on his car and the carburetor backfired as opposed to the State's position that the injuries were caused by a flash fire when Petitioner lit the victim and her car on fire by use of an accelerant.

[4] Petitioner also attacks Mr. Newell's testimony in several other ways in his objections; however, Petitioner had raised these other grounds in his habeas petition as well.

4

"Rule 60(b) Motion and Motion for Reconsideration" on February 1, 2017. The Court will now address each in turn.

*Motion to Expand the Record*

In order to expand the habeas record with new evidence, a petitioner is required to comply with the statutory requirements of 28 U.S.C. § 2254(e)(2)(A). Ward v. Hall, 592 F.3d 1144, 1162-63 (11th Cir. 2010). Thus, a petitioner must demonstrate either that his claim relies upon a new rule of constitutional law[5] or upon a factual predicate that could not have been previously discovered through the exercise of due diligence. See 28 U.S.C. § 2254(e)(2)(A). In other words, a petitioner must show that he made a reasonable attempt, in light of the information available at the time, to investigate and pursue his claims in state court. Williams v. Taylor, 529 U.S. 420, 437 (2000). Of note, "where a petitioner was granted an evidentiary hearing or other means of presenting evidence to the state court on the particular claim, and the petitioner failed to take full advantage of that hearing, despite being on notice of and having access to the potential evidence and having sufficient time to prepare for the hearing, that petitioner did not exercise diligence in developing the factual foundation of his claim in state

---

[5] Petitioner does not rely on a new rule of constitutional law.

court." Pope v. Sec'y Dep't of Corr., 680 F.3d 1271, 1289 (11th Cir. 2012).

The first inquiry then is whether Petitioner in this case acted with due diligence to present this impeachment evidence to the state habeas court and, for that matter, to this Court in prosecution of his § 2254 petition. The Court concludes that he did not. While Petitioner claims that he asked his counsel for discovery documents numerous times, the fact remains that the trial of this case was concluded over seventeen years ago. Tellingly, Petitioner was able to obtain the discovery material through an open record request, yet he does not explain why he waited over a decade to make such a request. Further, by Petitioner's own admission he had possession of, or at least access to, the new evidence as early as March 2016. He had actual possession in October 2016 prior to the issuance of the Report and Recommendation. Petitioner's hope that he could hold the information until an evidentiary hearing was misplaced because a federal habeas petitioner is not entitled to a hearing as of right. In any event, Petitioner's excuses for delaying the introduction of the new evidence demonstrate a lack of due diligence and in no way justify the delay of sixteen years in obtaining the documents in the first instance.

Even had this Court determined that Petitioner diligently sought to develop the factual basis of his claim regarding the carburetor discrepancy, the inquiry does not stop. Rather, Petitioner must still persuade the Court that the proffered evidence would affect the resolution of the claim. See Breedlove v. Moore, 74 F. Supp. 2d 1226, 1233 (S.D. Fla. 1999) (citing Bolender v. Singletary, 16 F.3d 1547, 1555 n.9 (11th Cir. 1994)). Therefore, even if Petitioner can show he made a reasonable attempt to obtain the evidence, he must also show that the evidence could change the outcome of his case. See Holloway v. Martin, 2008 WL 372732, at *2 (S.D. Ga. Jan. 30, 2008).

In this case, Petitioner's § 2254 petition, his objections to the Report and Recommendation, his motion for reconsideration, and his motion to expand the record demand the conclusion from this Court that he could not be convicted of malice murder and arson because the State relied upon circumstantial evidence, i.e., there was no direct evidence to identify Petitioner as the person who committed the crimes. The new evidence he seeks to introduce further buttresses his argument by purportedly impeaching the State's expert who discredited the account of his injuries. Even if the Court were to presume that the jury would have concluded that the expert's error in identifying the carburetor's manufacturer

7

necessarily proves that he did not examine Petitioner's carburetor,[6] this Court cannot conclude that no reasonable factfinder would nevertheless have found Petitioner guilty beyond a reasonable doubt. In viewing the evidence in the light most favorable to the prosecution, there remains sufficient circumstantial evidence to convict Petitioner. For instance, Petitioner first told investigators that he was injured from a motorcycle accident; the victim received a text from Petitioner one hour prior to her murder; and Petitioner could not corroborate his offered alibi that he was at a dog fight in a different county when the murder occurred. Notably, Petitioner testified at trial and denied he killed the victim. A jury may have simply disbelieved his testimony.

In short, Petitioner's motion to expand the record (doc. 22) is **DENIED** because he cannot show that he exercised due diligence in obtaining the additional exhibits, and even if allowed, this new evidence would not compel this Court's conclusion that the Georgia Supreme Court's application of <u>Jackson</u> was unreasonable in that no rational factfinder could have found Petitioner guilty.

---

[6] The error in identifying the manufacturer of the carburetor does not necessarily compel the conclusion that the expert did not examine Petitioner's carburetor. It could have been a simple misnomer.

## "Rule 60(b) Motion and Motion for Reconsideration"

Because Petitioner's motion was filed within twenty-eight days of judgment, Federal Rule of Civil Procure Rule 59(e), not Rule 60(b), governs. See Rivero v. Taylor, 465 F. App'x 839, 840 (11th Cir. 2012) (holding that motions filed within twenty-eight days of the entry of judgment are governed by Rule 59(e), whereas later motions are governed by Rule 60(b)). Although Rule 59(e) does not specify grounds for relief, courts in the Eleventh Circuit have stated that there are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. E.g., Center for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); Estate of Pidcock v. Sunnyland America, Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993). "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Internat'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (quoted source omitted).

Moreover, a Rule 59(e) motion is not intended as a vehicle to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Here, Petitioner's contentions do not warrant this Court's reconsideration of its judgment. Indeed, the Court has already dispelled any notion that his new evidence would warrant a reversal of fortune for Petitioner. Moreover, his motion rehashes the same arguments that the circumstantial evidence in the case was insufficient to support a conviction. This Court has rejected this contention here and in adopting the Report and Recommendation. Finally, this Court is not required to address each and every objection in an Adoption Order so long as the Magistrate Judge's Report and Recommendation is subjected to a *de novo* review. Rather, in the exercise of sound discretion and in the interest of judicial efficiency, this Court chose not to expound upon the well-reasoned and thorough findings and conclusions of the Magistrate Judge once those findings and conclusions were determined to be correct upon a *de novo* review of the file (as indicated in the Adoption Order, see doc. 20). Thus, any argument that this Court did not conduct a *de novo* review

because it did not explicitly explain its analysis and reasoning is unavailing.

Upon the foregoing, the motion for reconsideration (doc. 23) is **DENIED**.

*Conclusion*

This Court has properly denied Petitioner's motion for a writ of habeas corpus under 28 U.S.C. § 2254 because he cannot establish that any claim adjudicated on the merits in State court was based upon an unreasonable determination of facts in light of the evidence presented or was based upon a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. In the Adoption Order of January 9, 2017, this Court determined that Petitioner had not made the requisite showing for the issuance of a Certificate of Appealability. This Court also found that Petitioner is not entitled to appeal *in forma pauperis*. Accordingly, Petitioner's present motion to appeal *in forma pauperis* (doc. 25) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of March, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA